(No. 3310—

PUBLIC SERVICE COMPANY OF NORTHERN, ILLINOIS, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1939.*

K. J. OWENS, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

In this case the claimant seeks an award in the sum of $66.11 for the reason that it rendered electrical service to the State of Illinois, Department of Public Works and Buildings,

Division of Highways, at State Aid Route 21, Section 1280, at the grade separation of Dempster Street and Milwaukee Avenue, in or near Morton Grove, Cook County, Illinois; that in connection with the operation of electric pumps for removal of water from the subway and the installation of electric lights it became necessary during the period of service to make a change in meters. Claimant performed this service in July and August, 1936, and rendered its bill for the same in the sum of $66.11, but through a misunderstanding the district office of the Division of Highways did not schedule claimant's bill for payment in time for it to have been paid from the Fifty-ninth biennium appropriation. The report of the Division of Highways states that the rate upon which the service was based and the claim is made is in accord with the contract then existing between the claimant corporation and the Division of Highways.

This court has repeatedly held that:

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no neglect or fault on the part of claimant, same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where at the time the expenditure was contracted there were sufficient funds remaining in the appropriation to pay for the same."

Rock Island Sand & Gravel Co. vs. State, 8 C. C. R. 165;
Indian Motor Cycle Co. vs. State, 9 C. C. R. 527.

No conflict arises as to facts, and it appearing that the services were properly ordered and duly rendered and through no fault of its own, claimant's bill was not paid before the appropriation from which it was payable lapsed, we make an award to claimant in the sum of $66.11.